■ In the Matter of S. R. DEMETRIOUS, Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant. [611 NYS2d 622] —In a proceeding pursuant to CPLR article 78 to review an order of the New York State Division of Housing and Community Renewal, dated August 20, 1991, which, *inter alia,* affirmed a prior determination of that agency dated December 12, 1986, that the petitioner had collected a rent overcharge, and directed him to refund $3,538.79 to the tenants, the appeal is from a judgment of the Supreme Court, Kings County (Spodek, J.), dated February 7, 1992, which annulled the determination and directed the appellant to restructure the lease history of the subject apartment.

Ordered that the judgment is affirmed, without costs or disbursements.

In 1984 the tenants of Apartment 3-B, a rent-stabilized apartment located at 610 Sixth Avenue in Brooklyn, filed objections with the appellant New York State Division of

Housing and Community Renewal (hereafter DHCR), alleging that the petitioner, the owner-landlord of the apartment, overcharged them in rent. In response to the objections, the petitioner, *inter alia,* supplied details of the various tenancies in the subject apartment since 1979, and provided the DHCR with copies of the leases for the apartment from 1979 up to and including the complaining tenants' second renewal lease which ended on July 31, 1986.

One of the prior leases had a ten-month term (instead of the customary one year) commencing November 1, 1980, and ending August 31, 1981. Because of this variation in the term of the lease and because the very next lease in the series was missing, the District Rent Administrator (hereinafter the DRA), *sua sponte,* and without notice to the petitioner of any problem concerning the term of the lease, reconstructed the rental history of the apartment and changed the ten-month term of the lease to a one-year term ending October 31, 1981. The DRA's action essentially created two rent increases within one of the rental guidelines periods established by the rent stabilization laws. Since this is not permitted, the DRA, in a determination dated December 12, 1986, assessed over-charges, with accrued interest, in the sum of $3,538.79 and directed the petitioner to refund that amount to the tenants.

In January 1987, the petitioner filed a Petition for Adminis-trative Review (hereinafter PAR) of the DRA's determination. After considering the evidence, the Commissioner in an order dated August 20, 1991, denied the PAR, finding that no adjustments in the lease terms or in the overcharges com-puted by the DRA were warranted. Implying fraudulent con-duct on the part of the petitioner, the Commissioner stated that the ten-month term of the subject lease was "unusual and is particularly suspect when the next renewal lease is conveniently not available."

The petitioner then commenced this CPLR article 78 pro-ceeding to annul the DHCR's determinations. The Supreme Court held that the DHCR's findings were arbitrary and capricious and not based on supporting documentation in the record. Specifically, the court stated that there was no evi-dence of fraud on the part of the petitioner, nor any evidence that the ten-month lease was invalid since the DHCR had made no investigation of the allegedly "suspicious" ten-month term. Consequently, the court found that the subject lease was valid and directed the DHCR to restructure the lease history of the apartment and to render a new determination with respect to the appropriate rental charges.

The appellate courts will not substitute their judgment for that of an administrative agency, provided that the agency's determination is neither arbitrary nor capricious and has a rational basis in the record *(see, e.g., Matter of Salvati v Eimicke,* 72 NY2d 784; *Matter of Sterling Ridge Realty Co. v New York State Div. of Hous. & Community Renewal,* 185 AD2d 354; *Matter of Seales v Mirabal,* 152 AD2d 672). Our independent review of the record persuades us that the Supreme Court was correct in finding that the DHCR's determinations were arbitrary and capricious and were not supported by substantial evidence in the record as a whole. Balletta, J. P., Copertino, Hart and Krausman, JJ., concur.