OPINION OF THE COURT
Denis J. Butler, J.
*755 In an action seeking damages based upon a rent overcharge, plaintiff, Mohammed Aijaz, moves for summary judgment dismissing defendant’s first affirmative defense and dismissing the first and second counterclaims. On October 7, 1997 plaintiff entered into a written lease with Estates Inc., c/o Stellar Management. The term of the lease was from October 1, 1997 through September 30, 1999. Pursuant to the lease the legal rent was $810.47. Plaintiff and Estates Inc., as part of the lease, entered into a preferential rent rider. Such preferential rent rider allowed plaintiff to pay a reduced rent of $751.21 “in exchange for the Tenant’s acceptance of the Owner’s offer to relocate (the Tenant) to the apartment which is the subject of the lease.”
On May 31, 1999 plaintiff was given the option of either a one-year renewal lease in the amount of $826.68 per month or a two-year renewal in the amount of $842.89 per month. Both renewal lease offers were based on the authorized applicable guideline increases in effect for one- and two-year renewals of the higher legal rent. Tenant was not offered a renewal lease with increases based on the lower preferential rent. Plaintiff and Stellar Management subsequently entered into a one-year renewal lease which was to expire on September 30, 2000 and provided for a rent of $826.68. On March 1, 2000 Hillside Place, LLC, defendant herein, purchased the property which is the subject matter of this lawsuit.
On May 23, 2000 tenant was offered a renewal lease with a choice of a one- or two-year renewal with applicable guideline increases again based only on the higher legal rent. Tenant was not offered a renewal lease with increases based on the lower preferential rent. Plaintiff and defendant subsequently entered into a two-year renewal lease at a rent of $876.28 per month which was to expire on September 30, 2002.
As to the first affirmative defense, defendant, Hillside Place, LLC, argues that, pursuant to chapter 82 of the Laws of 2003, the defendant and previous owner of the premises were permitted to renew such lease with increases based on the higher legal rent commencing with the renewal lease starting October 1, 1999 instead of allowing the plaintiff to renew at the lower preferential rent.
The plaintiff contends that chapter 82 of the Laws of 2003 does not apply to this set of facts and only applies in situations when either no express provision concerning the duration of the preferential rent exists or the duration is expressly stated as to *756 run for the term of the original lease only. Therefore, plaintiff further contends that as the express terms of the original 1997 lease provide for a lower preferential rent, the provisions of chapter 82 do not apply.
It is the holding of this court that the plaintiffs motion to dismiss the first affirmative defense is granted. According to the terms of the 1997 lease the preferential rent did not last merely for the term of the lease but rather lasted for “the term of the Tenant’s occupancy.”
Pursuant to Administrative Code of the City of New York § 26-516 (a), there is a four-year statute of limitations on all pending rent and overcharge challenges. (Matter of Gilman v New York State Div. of Hous. & Community Renewal, 99 NY2d 144 [2002].) The preferential rent rider was contained in the 1997 original lease which ran through September 30, 1999. The current action was commenced by summons and complaint on July 29, 2003. Therefore, the four-year statute of limitations on the rent overcharge challenge premised on the preferential rider contained in the 1997 lease did not expire.
Rent Stabilization Code (9 NYCRR) § 2521.2 defines preferential rent as follows:
“Where the legal regulated rent is established and documented in a manner prescribed by the [Division of Housing and Community Renewal (DHCR)], and a rent lower than such rent is charged and paid by the tenant, such lower rent shall be a preferential rent, which shall be subject to all adjustments provided by law and this Code.” ,
Section 2521.2 was not intended to 'obviate the terms of a lease agreement where both the landlord and tenant are aware that the rent charged could legally be higher, but agree, for a limited period, under a specific set of circumstances, to allow the tenant to pay less. (Matter of Missionary Sisters of Sacred Heart, Ill. v New York State Div. of Hous. & Community Renewal, 283 AD2d 284 [1st Dept 2001].)
Rent Stabilization Code § 2522.5 (g) (1) requires a renewal lease to be offered on the same terms and conditions as the expiring lease. As set forth in exhibit I of defendant’s opposition papers, the defendant requested an advisory opinion from the DHCR. In an advisory opinion dated August 19, 2003, the DHCR determined that a change in the lease wording in a renewal lease pertaining to the expiring lease would be an authorized change so that the restrictions in the expiring lease pertaining *757 to preferential rent would no longer be binding upon the renewal of such lease. The court notes that DHCR’s interpretation of the statutes and regulations it administers, if not unreasonable or irrational, is entitled to great deference. (Matter of Salvati v Eimicke, 72 NY2d 784 [1988].)
Defendant contends that the change in the amount of the rent charged would amount to an “authorized change.” However, the DHCR advisory opinion and the holding in Missionary Sisters do not apply where preferential rent was given for consideration and where the parties contracted that the preferential rent would be for the entire duration of the tenancy. The distinguishing issue in the case before the court is that the preferential rent in this matter was given in exchange for the tenant relocating to a different apartment. According to the original 1997 lease the preferential rent must last for the term of the tenant’s occupancy.
A tenant cannot waive the benefit of any provision of the Rent Stabilization Code unless there is a negotiated settlement between the parties and with the approval of the DHCR or a court of competent jurisdiction, or where a tenant is represented by counsel. (Rent Stabilization Code § 2520.13.) In this matter, the tenant did not waive the preferential rent agreement via a negotiated settlement with an attorney or before the DHCR or a court of competent jurisdiction.
Moreover, rent concessions in original leases are by necessity carried over into renewal leases by the Rent Stabilization Code. (Matter of Century Operating Corp. v Popolizio, 470 NYS2d 346 [1983]; La Barbera v Housing & Dev. Auth. of City of N.Y., 44 AD2d 835 [1974].) For the reasons set forth above, the plaintiffs motion to dismiss the first affirmative defense is granted.
As to the first counterclaim, the defendant seeks an order requiring the plaintiff to pay for defendant’s attorney’s fees incurred in the defense of the instant action as provided by statute or agreement.
Plaintiff argues that there is no provision in the lease that provides for attorney’s fees to defend an action.
Paragraph 26 of the lease states that the successful party in a legal action for nonpayment of rent “may recover reasonable legal fees and costs from the other party.” A landlord or tenant is entitled to attorney’s fees only when it can be said that the landlord or tenant is the “prevailing party” in a “controversy” which reaches an “ultimate outcome.” (Elkins v Cinera Realty, *758 61 AD2d 828 [1978].) As there has been no “ultimate outcome,” plaintiffs motion to dismiss the first counterclaim is denied as premature.
As to the second counterclaim, defendant seeks a money judgment against the plaintiff for a retroactive portion of a “Major Capital Improvement” (MCI). The MCI rent increase was dated February 13, 2003. According to the defendant the MCI charge was approved by DHCR for the months of April 2002 through July 2002 in the amount of $123.32 per month.
Plaintiff contends that the second counterclaim is a claim for rent which was resolved in a stipulation entered into between the parties on March 25, 2003. Plaintiff further contends that the issue was resolved in such previous, stipulation.
The court notes that the prior stipulation between the parties dated March 25, 2003, settling all claims for rent against the tenant for a total of $375, was signed more than a month after the MCI rent increase and therefore encompasses the February 13, 2003 MCI rent increase. Accordingly, plaintiffs motion to dismiss the defendant’s second counterclaim is granted.
Accordingly, plaintiffs motion is granted to the extent of dismissing the defendant’s first affirmative defense and defendant’s second counterclaim.