OPINION OF THE COURT
Memorandum.
Order insofar as appealed from unanimously modified by providing that the first affirmative defense is stricken only insofar as it alleges a defense to a cause of action for rent overcharge based upon contract and by reinstating said defense insofar as it alleges a defense to a cause of action for rent overcharge based upon statute; as so modified, affirmed without costs.
Plaintiff rented a rent-stabilized apartment from defendant’s predecessor in interest pursuant to a two-year lease commencing October 1, 1997. This lease provided that the legal regulated rent was $810.47 but that, in consideration for his relocating to the subject apartment, plaintiff would receive a preferential rent of $758.21 for the term of the lease and any renewal leases, subject to adjustment in accordance with Rent Stabilization Law. Despite the language of the preferential rent rider providing for the continuation of the preferential rent in the renewal periods, defendant’s predecessor, commencing with the October 1999 renewal, and defendant, after its purchase of the building on March 1, 2000, collected the full legal regulated rent as adjusted by the guidelines increases. The complaint herein, dated July 29, 2003, demands a refund of the amounts collected by defendant above the preferential rents since it purchased the building as well as treble damages or interest, and costs and attorney’s fees.
As a first affirmative defense, defendant asserts that a 2003 amendment (L 2003, ch 82, § 6) to Rent Stabilization Law of 1969 (Administrative Code of City of NY) § 26-501 et seq. permits an owner to discontinue a preferential rent and to resume charging the legal regulated rent upon a renewal lease. The amendment, which added a new paragraph (14) to subdivision (c) of Administrative Code of the City of New York § 26-511, requires that Rent Stabilization Code (9 NYCRR) parts 2520-2530 provide
“that where the amount of rent charged to and paid *75 by the tenant is less than the legal regulated rent for the housing accommodation, the amount of rent for such housing accommodation which may be charged upon renewal or upon vacancy thereof may, at the option of the owner, be based upon such previously established legal regulated rent, as adjusted by the most recent applicable guidelines increases and any other increases authorized by law.”
The court below dismissed this affirmative defense, holding implicitly that the 2003 amendment provides no defense where, as here, the parties had expressly agreed in the lease that the preferential rent would continue for the life of the tenancy. Because it is our view that the complaint may be construed as alleging both a common-law breach of contract and a breach of the rent overcharge statutes (Rent Stabilization Law of 1969 [Administrative Code] § 26-512 [a]; § 26-516), and that the 2003 amendment supplies a viable defense against the statutory cause of action but not against the contract cause of action, we modify the order by reinstating so much of the defense as is against the statutory cause of action.
The 2003 amendment to the Rent Stabilization Law was intended to reject the so-called “Collingwood rule” (Collingwood Enters, v Gribetz, Sup Ct, NY County, Apr. 18, 1975, Fine, J., Index No. 18192/73), applied by the Division of Housing and Community Renewal (DHCR) and by DHCR’s predecessor, the Conciliation and Appeals Board. This rule, as initially formulated, held that if an owner charged a tenant a rent below the legal regulated rent, the preferential rent could not be revoked even after the tenant who had received the preferential rent had moved out. In addition, because the preferential rent could not be revoked, it became the legal regulated rent and formed the basis for all future rents (see e.g. Matter of Walentas v Popolizio, 125 Misc 2d 892, 894 [1984], affd 107 AD2d 1094 [1985]; Matter of Clinton Ct. Invs. v New York State Div. of Hous. & Community Renewal, NYLJ, Aug. 8, 1994, at 30, col 3 [Sup Ct, Kings County]; Estis and Turkel, Rent Regulation, Eight-Year Extension, NYLJ, July 2, 2003, at 5, col 2). In 1987, DHCR ameliorated the Collingwood rule somewhat by providing that an owner could terminate a preferential rent upon a vacancy, but not upon a renewal (Rent Stabilization Code [9 NYCRR] former § 2521.2 [b], now substantially § 2521.2).
In Matter of Missionary Sisters of Sacred Heart, Ill. v New York State Div. of Hous. & Community Renewal (283 AD2d 284 *76 [1st Dept 2001]), an owner challenged DHCR’s policy of requiring that a preferential rent be continued until a vacancy. The Appellate Division ruled that where the parties had contracted for a rent preference for only a limited term, the owner was not required to continue the rent preference until a vacancy (see also Matter of Century Operating Corp. v Popolizio, 60 NY2d 483 [1983] [a two-month rent concession resulting from construction delays had to be carried over into renewal leases but could not be construed as requiring two months’ free rent on the occasion of each renewal]). Going beyond these cases, the 2003 amendment rejects the Collingwood rule altogether, permitting owners (who have not otherwise agreed) to discontinue a preferential rent not only upon a vacancy but also upon a renewal, even if the lease did not expressly or implicitly limit the duration of the rent preference. As a necessary corollary thereof, since, by statute, a rent preference is now revocable upon a renewal or upon a vacancy, the preferential rent does not become the legal regulated or authorized rent, so long as a legal regulated rent has been established within the four-year period (cf DHCR Fact Sheet No. 40).
As the court below implicitly ruled, the 2003 amendment was not intended to preclude the parties to a lease or stipulation from agreeing to a rent preference that would endure beyond the term of the lease into renewal periods (see 448 W. 54th St. Corp. v Doig-Marx, 5 Misc 3d 405 [2004]; see also Matter of Century Operating Corp. v Popolizio, 60 NY2d 483 [1983], supra; Matter of Missionary Sisters of Sacred Heart, Ill. v New York State Div. of Hous. & Community Renewal, 283 AD2d 284 [2001], supra). Since plaintiff and defendant’s predecessor here agreed upon a preferential rent that would last for the life of the tenancy, plaintiff was entitled to have this term of his lease carried over into all the renewal leases (Rent Stabilization Code [9 NYCRR] § 2522.5 [g]; see Matter of Century Operating Corp. v Popolizio, 60 NY2d at 488). Contrary to defendant’s contention, the fact that the renewal leases did not include the preferential rent cannot be deemed a waiver of plaintiffs right thereto (Matter of Century Operating Corp. v Popolizio, 90 AD2d 731, 732 [1982], revd on other grounds 60 NY2d 483 [1983]). Plaintiff therefore has a cause of action sounding in contract for the refund of the rents that he paid in excess of the agreed-upon preferential rent.
However, plaintiff does not have a cause of action for breach of the rent overcharge statutes. Since the Legislature rejected *77 the Collingwood rule and made preferential rents revocable, the preferential rent does not become the legal regulated or authorized rent, and a collection of rent in excess of the preferential rent constitutes only a breach of the agreement of the parties and not an offense against the rent overcharge statutes. Because the statutory amendment is applicable to pending proceedings (DHCR Fact Sheet No. 40), it cannot be found that defendant violated the statutory overcharge prescriptions. Accordingly, we reinstate the first affirmative defense insofar as it alleges a defense to the statutory cause of action.
Since plaintiff is left with his remedy in contract, the loss of the statutory cause of action works no unconstitutional interference with plaintiffs vested rights and no impairment of the obligation of his contract (see generally New Orleans City & Lake R. Co. v Louisiana ex rel. New Orleans, 157 US 219, 224 [1895]; 16A CJS, Constitutional Law § 365). It is well settled that a cause of action created by statute may be terminated by repeal even though rights may have accrued under the statute (Battaglia v General Motors Corp., 169 F2d 254 [2d Cir 1948]; Matter of Volpe v Fireman’s Fund Ins. Co., 54 Misc 2d 212 [Sup Ct, Nassau County 1967]; 16A CJS, Constitutional Law § 260). Similarly, with respect to plaintiffs loss of a claim for statutory penalties, there is no vested right in such penalties until a judgment therefor has been granted (Davidson v Witthaus, 106 App Div 182 [1905]; 22 Carmody-Wait 2d, NY Prac § 135:8; 16A CJS, Constitutional Law § 261).
Pesce, PJ., Golia and Rios, JJ., concur.