*53 OPINION OF THE COURT
Per Curiam.
Order, dated June 23, 2004, affirmed, with $10 costs.
The 2003 amendment (L 2003, ch 82, § 6) to the Rent Stabilization Law of 1969 (Administrative Code of City of NY) § 26-501 et seq. (RSL) permits an owner to discontinue a preferential rent and to resume charging the legal regulated rent upon a renewal lease. RSL § 26-511 (c) (14) pertinently provides that where a tenant is charged and pays a preferential rent, “the amount of rent . . . which may be charged upon renewal or upon vacancy . . . may, at the option of the owner, be based upon [either such preferential rent or an amount not more than the] previously established legal regulated rent. . .
Despite its seemingly broad sweep, “the 2003 amendment was not intended to preclude the parties to a lease or stipulation from agreeing to a rent preference that would endure beyond the terms of the lease into renewal periods” (Aijaz v Hillside Place, LLC, 8 Misc 3d 73, 76 [2005]). Thus, where an owner and tenant expressly agree that a preferential rent will last for the life of the tenancy, the tenant is entitled to have such a lease provision carried over into subsequent renewal leases (id.).
The preferential lease rider under review here unequivocally and explicitly provides for a rent concession for the duration of the tenancy. Since the parties’ intent is clearly and unambiguously manifested in the written agreement, the agreement controls, and tenant is entitled to the benefit of the preferential rent provision throughout his tenancy (see Matter of Century Operating Corp. v Popolizio, 60 NY2d 483 [1983]; Matter of Missionary Sisters of Sacred Heart, Ill. v New York State Div. of Hous. & Community Renewal, 283 AD2d 284 [2001]).
Suarez, EJ., Davis and Gangel-Jacob, JJ., concur.