■ SONIA ROSARIO et al., Respondents, et al., Plaintiffs, v DIAGONAL REALTY, LLC, et al., Appellants, et al., Defendants. [821 NYS2d 71]—

Order and judgment (one paper), Supreme Court, New York County (Joan A. Madden, J.), entered July 29, 2005, which granted plaintiffs' consolidated motions and summarily declared that defendants are obligated to continue accepting federal "section 8" rent subsidies with respect to the rent-stabilized plaintiff tenants and are not permitted to opt out of this federal subsidy program, unanimously affirmed, without costs.

The federal requirement that *"during the term of the lease,* the owner shall not terminate the tenancy except for serious or repeated violation of the terms and conditions of the lease, for violation of applicable Federal, State, or local law, or for other good cause" (42 USC § 1437f [d] [1] [B] [ii] [emphasis added]) does not preempt the antidiscrimination provision of the J-51 tax abatement law (Administrative Code of City of NY § 11-243

[k]) or the requirement in Rent Stabilization Code (9 NYCRR) § 2522.5 (g) (1) that a renewal lease "shall be on the same terms and conditions as the expired lease." There is no express preemption (*see* 24 CFR 982.53 [d]), nor is there any implied preemption (*see Balbuena v IDR Realty LLC*, 6 NY3d 338, 356 [2006]). It is not "physical[ly] impossib[le]" (*id.*) to terminate a tenancy where "good cause" under the federal statute is not present, and also comply with the J-51 antidiscrimination provision and the provision of the Rent Stabilization Code. No *Balbuena* "obstacle" exists because the two sets of laws address different issues (*see Bank of N.Y. v Norilsk Nickel*, 14 AD3d 140, 147 [2004], *appeal dismissed* 4 NY3d 843 [2005], *lv dismissed* 4 NY3d 846 [2005]). The federal law was intended to address only the perpetuation of the so-called "endless lease" caused by the federal section 8 enactments themselves. Legislative history cited by the motion court reveals that the congressional aim was to restore the landlord's preexisting right not to renew leases. Those rights were already restricted by the J-51 and rent stabilization promulgations.

Furthermore, the obligation to accept section 8 benefits as part of a rent-stabilized tenant's lease is a material term of the lease (*see* 9 NYCRR 2522.5 [g] [1]). The expiring leases in this case included, by federal regulation, the standard form and "the HUD-prescribed tenancy addendum" (*see* 24 CFR 982.308 [b] [2]). The tenancy addendum form cited by the motion court incorporates by reference the Housing Assistance Program (HAP) agreement that requires the landlord to accept section 8 benefits. Tenants have standing to enforce the tenancy addendum (*see* 24 CFR 982.308 [f] [2]). The HAP agreements are worded to make clear that they and the leases are interrelated. The HAP contract must include a certification by the signing landlord that the lease is in the form required by the applicable section 8 regulation (*see* 24 CFR 982.308 [b] [2]).

Finally, the term is material, since it is undisputed that neither plaintiff could afford her apartment without section 8 benefits. We have considered and rejected appellants' remaining arguments. Concur—Mazzarelli, J.P., Sweeny, Catterson, McGuire and Malone, JJ.