(February 13, 2007)

■ Mohammed Aijaz, Respondent-Appellant, v Hillside Place, LLC, Appellant-Respondent. [830 NYS2d 283]—

In an action to recover rent overcharges, the defendant appeals, by permission, as limited by its brief, from so much of an order of the Appellate Term, Second and Eleventh Judicial Districts, dated April 29, 2005, as, in effect, modified an order of the Civil Court, Queens County (Butler, J.), entered March 31, 2004, by granting that branch of the plaintiff's motion which was for summary judgment dismissing the first affirmative defense to the extent that it alleged a defense to the cause of action to recover damages for breach of a lease, and the plaintiff cross-appeals, by permission, as limited by his brief, from so much of the order of the Appellate Term as, in effect, modified the order of the Civil Court by denying that branch of his motion which was for summary judgment dismissing the first affirmative defense to the extent that it alleged a defense to the cause of action to recover damages for rent overcharges.

Ordered that the order dated April 29, 2005, is affirmed insofar as appealed from, and it is further,

Ordered that the order dated April 29, 2005, is reversed insofar as cross-appealed from, on the law, and the plaintiff's motion for summary judgment dismissing the first affirmative defense is granted in its entirety; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

On June 20, 2003, the Legislature added Administrative Code of the City of New York § 26-511 (c) (14) to the Rent Stabilization Law (hereinafter the RSL) (see L 2003, ch 82, §§ 6, 13), which pertains to the ability of a landlord that rents a rent-stabilized apartment to charge a tenant the "legal regulated rent" in a renewal lease, instead of a lower "preferential rent" (see 9 NYCRR 2521.2 [a]). Contrary to the defendant's contention, this amendment to the RSL is inapplicable to the renewal leases at issue in which the plaintiff, who, according to his initial lease, was to be "charged" a particular preferential rent "during the term of [his] occupancy" of the defendant's rent-

stabilized apartment, was charged the legal regulated rent. The renewal leases were entered into, and expired, well before the Legislature amended the RSL, and it is clear that the amendment, which the Legislature indicated was to "take effect immediately" (L 2003, ch 82, § 13), applies prospectively, that is, to renewal leases that were entered into after its date of enactment (*see Matter of Miller,* 110 NY 216, 223 [1888]; *Morales v Gross,* 230 AD2d 7, 9 [1997]; *see also Landgraf v USI Film Products,* 511 US 244, 265 [1994]; *Matter of Thomas v Bethlehem Steel Corp.,* 63 NY2d 150, 154 [1984]).

As a result, the amendment to the RSL could not have provided a defense to the plaintiff's claim of an overcharge and the Civil Court properly granted the plaintiff's motion for summary judgment dismissing the first affirmative defense in its entirety.

The parties' remaining contentions either have been rendered academic in light of our determination or are without merit. Spolzino, J.P., Ritter, Covello and Balkin, JJ., concur. [*See* 8 Misc 3d 73 (2005).]