OPINION OF THE COURT
Emily Jane Goodman, J.
Petitioners Christopher Romero and Monica Summers seek the reversal of the petition for administrative review (PAR), issued on March 22, 2006, in which respondent New York State Division of Housing and Community Renewal (DHCR) denied petitioners’ PAR and affirmed the order of the Rent Administrator which rejected petitioners’ claim that they were entitled to a renewal lease for their apartment at 448 West 54th Street, New York, New York, at a preferential rent.
Both DHCR and respondent landlord, 448 W 54th St. Corp., submit answers seeking dismissal of the petition.
Petitioners are tenants of record in apartment SB at 448 West 54th St., where they have been residing since 1995, pursuant to a lease which contains a preferential rider that states as follows:
“The parties to this lease agree and acknowledge that the tenant will be charged, during the term of the tenant’s occupancy, a preferential rent. The preferential rent is personal to the tenant named in the lease only and will not inure to the benefit of the tenant’s successors or assigns.”
At the time that petitioners entered into the lease agreement their building was owned by Paramus Properties Associates, LP At some time during their tenancy, petitioners’ building was purchased by 448 W. 54th St. Corp. (the owner). In 2004, petitioners received a renewal lease from the owner based upon the legal regulated rent rather than their previous preferential rent.
Shortly after they received the renewal lease, petitioners learned that another tenant in their building, Jeffrey DoigMarx, whose original lease contained the same preferential rent rider as theirs, had obtained a decision from the Civil Court requiring the landlord to renew his lease based upon the preferential rent rather than the higher legal regulated rent. (448 W. 54th St. Corp. v Doig-Marx, 5 Misc 3d 405 [Civ Ct, NY County 2004], affd 11 Misc 3d 126[A], 2006 NY Slip Op 50199[U] [App Term, 1st Dept 2006].)
On or about August 18, 2004, petitioners filed a complaint of owner’s failure to renew lease with DHCR complaining that the *486 landlord had refused to renew their lease at the preferential rent. The owner submitted an answer asking, inter alia, that DHCR stay the determination of petitioners’ complaint pending the owner’s appeal of the Doig-Marx decision.
On or about December 9, 2005, the DHCR Rent Administrator denied petitioners’ complaint stating that DHCR was not bound by the ruling of the Civil Court in Doig-Marx because it had not been made a party to that case, and concluding that, pursuant to chapter 82 of the Laws of 2003, as amended, the owner had the option to charge a higher rent on renewal of the lease provided that the legal regulated rent was previously established. The Rent Administrator therefore directed petitioners to sign the renewal lease.
On or about January 6, 2006, petitioners filed a PAR, which was denied by DHCR on March 22, 2006. In its decision, DHCR reiterated that, because it was not made a party to the DoigMarx case, it was not bound by the Civil Court decision, and additionally found that:
“the rider granting a preferential rent for the duration of the tenants’ occupancy executed by the tenants and the prior owner in 1995 merely stated the law as it existed at the time it was executed. Before the law was amended in 2003, a preferential rent continued for the duration of the tenant’s occupancy. The Commissioner submits that the owner or its predecessor could not have foreseen the change in the law that would come eight years later and therefore the owner or its predecessor could not have intended to relinquish a right not yet granted.”
On February 21, 2006, the Supreme Court, Appellate Term, affirmed the ruling of the Civil Court in the Doig-Marx case which directed the landlord to renew Doig-Marx’s lease based upon the preferential rent rider.
Both DHCR and the landlord rely on chapter 82 of the Laws of 2003, amending the Emergency Tenant Protection Act and the Rent Stabilization Law, which states:
“where the amount of rent charged to and paid by the tenant is less than the legal regulated rent for the housing accommodation, the amount of rent for such housing accommodation which may be charged upon renewal or upon vacancy thereof may, at the option of the owner, be based upon such previously established legal regulated rent, as adjusted by the *487 most recent applicable guidelines increases and any other increases authorized by law.” (Administrative Code of City of NY § 26-511 [c] [14].)
Both the owner and DHCR contend that chapter 82 gives the owner the power to unilaterally abrogate its prior agreement with the tenant.
Several courts have now examined chapter 82, its history, and its effect on preferential rent riders such as the rider involved in this case. Recently, the impact of the rider was considered in the case of Rupert v 31 E. 1st St. Assoc. LP (Sup Ct, NY County, Dec. 6, 2005, Friedman, J., Index No. 115590/04). As the court noted, chapter 82 was proposed in response to the decision of the First Department in Matter of Missionary Sisters of Sacred Heart, Ill. v New York State Div. of Hous. & Community Renewal (283 AD2d 284 [1st Dept 2001]; see also 448 W. 54th St. Corp. v Doig-Marx, 5 Misc 3d 405 [2004], supra). Missionary Sisters held that, where the preferential rent rider was for a limited term, the landlord was not required to continue the lower rent in the renewed lease. Prior to Missionary Sisters, DHCR had taken the position that the preferential rent must be continued until the tenant vacated the apartment, even where the preferential rider was for a limited period. Examining the language of chapter 82, the Rupert court concluded that the amendment was not intended to void preferential rent agreements negotiated by the parties which by their terms were intended to last for the duration of the tenant’s occupancy. As the Rupert court noted, several other courts which have considered the impact of chapter 82 on such preferential rent riders have consistently held that “the 2003 amendment was not intended to preclude the parties to a lease or stipulation from agreeing to a rent preference that would endure beyond the term of the lease into renewal periods.” (Aijaz v Hillside Place, LLC, 8 Misc 3d 73, 76 [App Term, 2d & 11th Jud Dists 2005]; see also Colonnade Mgt., LLC v Warner, 11 Misc 3d 52 [App Term, 1st Dept 2006]; 448 W. 54th St. Corp. v DoigMarx, 5 Misc 3d 405 [2004], supra; Matter of Sugihara v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin., 13 Misc 3d 1239[A], 2006 NY Slip Op 52186[U] [Sup Ct, NY County, Madden, J.].) In Les Filies Quartre LLC v McNeur (9 Misc 3d 179 [Civ Ct, NY County 2005]), where a preferential rent rider for the term of the lease was contained in several earlier leases, but not in renewal offers subsequent to 1995, the court held that chapter 82 enabled the landlord to renew without offering the preferential *488 rent rider. In so holding, however, the court specifically noted that chapter 82 did not negate a preferential rider which, by its terms, lasted for the occupancy. Even the case of Matter of Chibel v New York State Div. of Hous. & Community Renewal (Sup Ct, NY County, Apr. 3, 2006, Wilkins, J., Index No. 112047/05), relied on by DHCR, is not to the contrary. There, the tenant filed an overcharge petition with the DHCR based upon a preferential rider similar to that in this case, after signing a lease agreeing to the maximum legal rent, as opposed to the preferential rent. Further, although the court upheld DHCR’s rejection of the overcharge petition on the basis of chapter 82, the court recognized that the amendment did not abrogate the tenant’s contractual rights under the preferential rent rider.
Both the owner and DHCR contend that this court should give deference to DHCR’s interpretation of chapter 82 that the amendment was intended to permit owners to unilaterally abrogate all preferential riders. Although courts do give DHCR deference to the agency’s interpretation of its own regulations, here, where the question is one of statutory interpretation, such deference is not necessary. (See Matter of Dworman v New York State Div. of Hous. & Community Renewal, 94 NY2d 359, 371 [1999].) This court concludes that the amendment was not intended to change the law of contracts.[1]
Further, the court concludes that DHCR’s finding in the PAR that the rider in the original lease merely stated the law as it existed at the time[2] and therefore was not intended to provide the tenants with a preferential rent for the duration of residence in the apartment is arbitrary and capricious as it has no evidentiary basis in the record. The various cases which have discussed the impact of chapter 82 illustrate that prior to the amendment, owners agreed to a variety of different riders — some for a specific time period, some for the duration of the lease, others for the duration of the occupancy, as here. Thus, without specific evidence in the record, DHCR has no basis for speculating as to the landlord’s motivation in agreeing to this preferential rider. As stated in Missionary Sisters, “interpretation of the provisions of a lease is *489 governed by the same rules of construction applicable to other agreements.” (Matter of Missionary Sisters of Sacred Heart, Ill. v New York State Div. of Hous. & Community Renewal, 283 AD2d 284, 288 [1st Dept 2001].) If the period in which the preferential rent was to be charged was intended to be limited only to the period in which DHCR (or applicable law) required it to be charged, the lease could have stated so. It is not uncommon for contracts to provide for changes in the law, whether foreseen or not. Here, the preferential rent was for “the term of the tenant’s occupancy” which did not “inure to the benefit of the tenant’s successors or assigns.” Although the courts will not substitute their judgment for that of an administrative agency where there is a rational basis in the record. (Matter of Demetrious v New York State Div. of Hous. & Community Renewal, 204 AD2d 448, 450 [2d Dept 1994]), even if the court assumed that parol evidence could be introduced to modify the terms of this clear and ambiguous language, there is no evidentiary basis for the agency’s finding. Accordingly, DHCR’s finding regarding the owner’s motivation is arbitrary and capricious and its interpretation of law in error.
Accordingly, it is hereby ordered and adjudged that the petition is granted and the order of DHCR denying the petition for administrative review is reversed; and it is further ordered and adjudged that respondent 448 W. 54th St. Corp. is directed to provide petitioners Christopher Romero and Monica Summers with a rent-stabilized lease based upon the preferential rent.

. The court need not reach the question of whether DHCR was or was not bound to follow the ruling of the Civil Court in the Doig-Marx case, or whether the doctrines of res judicata or collateral estoppel apply to the owner here.

. As previously noted, it was previously DHCR’s position that a preferential rent could not be limited to a specific duration.