OPINION OF THE COURT
Walter B. Tolub, J.
This motion raises the novel question as to whether an attorney may recover fees and costs under Real Property Law § 234 for successfully prevailing in an action involving Section 8 housing tenants. By this motion, plaintiffs move for an order granting their attorney a total of $15,923.89 in attorneys’ fees and costs,[1] to be paid by defendants 570156 LLC (Five Seven Naught), KVEST, LLC, 530 East 22nd Realty LLC, M.R.S. Realty LLC (Realty) and 550 Realty Heights, LLC.[2] Plaintiffs claim that, as the prevailing parties to this action, they are entitled to attorneys’ fees and costs under Real Property Law §234.
History
The plaintiffs in this action are all Section 8 rent-stabilized tenants. In 2005, defendant landlords, seeking to opt out of the Section 8 program, began making demands for the balance of the rents which had been subject to federal subsidization. *821 Shortly thereafter, each of the plaintiffs were sued in the housing court for nonpayment of rent. In response, this action was commenced seeking to compel the defendant landlords to continue accepting plaintiffs’ respective Section 8 housing vouchers, and further compelling the defendant landlords to provide plaintiffs with renewal leases under Rent Stabilization Code (9 NYCRR) § 2522.5 (g).
Plaintiffs initially moved for, and received from this court, a preliminary injunction which acted to stay all of the nonpayment proceedings which had been commenced against them by their respective landlords (see notice of motion, exhibit A, Ortiz v Five Seven Naught, Apr. 18, 2006). Less than six months later, in an unrelated action, the Appellate Division, First Department, issued a decision holding that a landlord accepting Section 8 subsidies from a rent-stabilized tenant could not opt out of the federal program and terminate the tenant’s existing lease (Rosario v Diagonal Realty, LLC, 32 AD3d 739 [1st Dept 2006], affd 8 NY3d 755 [2007], cert denied — US —, 128 S Ct 1069 [2008]). Based on the Appellate Division’s Rosario holding (32 AD3d 739 [2006]), this court, in January of 2007, issued a final order and judgment in the instant case granting complete relief to plaintiffs (see notice of motion, exhibit B). This motion seeking attorneys’ fees followed.
Discussion
As previously noted by this court, the federally created Section 8 program provides landlords with rental subsidies for qualified tenants occupying an approved housing unit (see Housing and Community Development Act of 1974, 42 USC §§ 1437-1440). In New York City, the Section 8 program is administered by the New York City Housing Authority and the New York City Department of Housing Preservation and Development, both of which act as Public Housing Administrators for the United States Department of Housing and Urban Development (HUD).
Landlords, under the federal statute, possess the ability to choose whether they want to continue participating in the Section 8 program (see 42 USC § 1437f [d] [1] [B] [ii]). However, under New York law, once a landlord decides to accept a Section 8 subsidy from a rent-stabilized tenant, the acceptance of the Section 8 subsidy becomes a term and condition of the rent-stabilized lease, thereby mandating the inclusion of the same terms and conditions in all subsequent renewal leases (see Rosario, 8 NY3d 755, 761-762 [2007]; Rent Stabilization Code [9 NYCRR] § 2522.5 [g] [1]). Plaintiffs in this case thus argue that *822 because the acceptance of a Section 8 subsidy was a term and condition of their leases, the failure of the landlord to honor that subsidy triggered the provisions allowing for the recovery of attorneys’ fees set forth under Real Property Law § 234.[3] This court disagrees.
Reciprocal by nature,3 [4] recovery of attorneys’ fees under Real Property Law § 234 requires the existence of a valid lease which either provides for the recovery of attorneys’ fees and/or dictates the payment of additional sums to the landlord in the event that the tenant breaches the lease (Real Property Law § 234; see Bunny Realty v Miller, 180 AD2d 460 [1st Dept 1992]). Plaintiffs in this case have not presented any leases which contain the required language. This fact is not changed, as plaintiffs argue, by the service of the nonpayment petitions (notice of motion, exhibit C), which contain statements claiming entitlement to attorneys’ fees. All of the claims in the served nonpayment petitions were made “upon information and belief,” and, therefore, do not constitute a judicial admission upon which plaintiffs may rely (see Scolite Intl. Corp. v Vincent J. Smith, Inc., 68 AD2d 417 [3d Dept 1979]).
Furthermore, unlike a general rent-stabilized or non-rent-stabilized lease, a Section 8 lease requires the inclusion of a *823 HUD Housing Assistance Payment contract (HAP contract) tenancy addendum. (See Rosario, 8 NY3d 755, 761-762 [2007]; 24 CFR 982.305 [a] [3]; 982.308 [b] [2].) The tenancy addendum, in very specific language, states that if there is a conflict between the tenancy addendum and any other lease provision, the language of the tenancy addendum controls (see affirmation in opposition of defendant 550 Realty Heights, exhibit B, ¶14 [b]). It is particularly noteworthy that no provision of the HAP contract or the tenancy addendum contains language allowing for the recovery of attorneys’ fees in the event that a Section 8 tenant prevails in an action against its landlord. Under the express language of the HAP contract tenancy addendum, this court, even if it had a lease before it, could not find entitlement to attorneys’ fees where no such entitlement exists. Accordingly, it is ordered that plaintiffs’ motion is denied.

. With respect to attorneys’ fees, plaintiff specifically seeks $1,025.50 from defendant Five Seven Naught; $4,119.50 from defendant KVEST; $5,526.50 from defendant 530 East; $3,322 from defendant Realty; and $2,796.50 from defendant 550 Realty Heights. Plaintiff seeks costs in the amount of $33.13 from each of defendants KVEST, 530 East, and Realty Heights, and seeks an additional $60 in costs from defendant Realty.

. The court notes that this motion does not seek attorneys’ fees or costs from defendant E. Julio Gallo Realty, which immediately settled the action after service of the complaint, and 770 Saint Marks Place, which did not request attorneys’ fees in the nonpayment cases brought against plaintiffs Latasha Jones, Geraldine Bruce, and Denise Gil (see notice of motion at 2).

. In pertinent part, Real Property Law § 234 provides as follows: “Whenever a lease of residential property shall provide that in any action or summary proceeding the landlord may recover attorneys’ fees and/or expenses incurred as the result of the failure of the tenant to perform any covenant or agreement contained in such lease, or that amounts paid by the landlord therefor shall be paid by the tenant as additional rent, there shall be implied in such lease a covenant by the landlord to pay to the tenant the reasonable attorneys’ fees and/or expenses incurred by the tenant as the result of the failure of the landlord to perform any covenant or agreement on its part to be performed under the lease or in the successful defense of any action or summary proceeding commenced by the landlord against the tenant arising out of the lease, and an agreement that such fees and expenses may be recovered as provided by law in an action commenced against the landlord or by way of counterclaim in any action or summary proceeding commenced by the landlord against the tenant” (emphasis added).

. The construction of section 234 has allowed courts to conclude that where the landlord is deemed to be the prevailing party, entitlement to attorneys’ fees may be warranted (see e.g. Elkins v Cinera Realty, 61 AD2d 828 [2d Dept 1978]; Allerand, LLC v 233 E. 18th St. Co., LLC, 19 AD3d 275 [1st Dept 2005]; Aijaz v Hillside Place, 3 Misc 3d 754 [Civ Ct, Queens County 2004], affd as mod 8 Misc 3d 73 [App Term, 2d Dept 2005], affd in part, revd in part 37 AD3d 501 [2d Dept 2007]).