OPINION OF THE COURT
Per Curiam.
*12 Order, dated August 14, 2007, reversed, with $10 costs, petition reinstated and summary judgment granted to landlord in the principal amount of $31,875. Appeal from order, dated September 19, 2007, dismissed, without costs, as an appeal from a nonappealable order.
The rent concession rider in the governing renewal lease form for the period of October 1, 2005 through September 30, 2007 granted tenants a temporary rent concession for the duration of the renewal lease term. The rider specifically stated that the then corporate owner had agreed to the temporary rent concession because tenants, shareholders of the corporation, were “owners” of the building premises. Significantly, the rider further provided that “the temporary rent concession does not apply to successors.” Inasmuch as the building was sold in February 2006 to petitionerlandlord and the temporary rent concession, by its own terms, was not binding on successors, tenants were no longer entitled to the benefit of the rent concession upon the sale of the building to landlord.
The term “successors” is not expressly or by implication limited only to tenants’ successors, and such a limitation may not be read into the rider under the guise of contract interpretation (see Reiss v Financial Performance Corp., 97 NY2d 195, 199 [2001]). The parties’ intent as to the applicability of the temporary rent concession having been clearly manifested in the controlling written agreement (see Colonnade Mgt., LLC v Warner, 11 Misc 3d 52 [2006]), landlord was entitled to collect the legal regulated rent for the subject stabilized apartment upon purchasing the building.
McKeon, EJ., Schoenfeld and Heitler, JJ., concur.