OPINION OF THE COURT
Memorandum.
Ordered that the final judgment is reversed, without costs, and the matter is remitted to the Civil Court for the entry of a final judgment dismissing the petition.
Landlord commenced this summary proceeding pursuant to RPAPL 713 (11), alleging that the subject apartment was exempt from rent stabilization because it had been used as an apartment for the building superintendent or an employee, that occupant was landlord’s former employee, and that the “rent level reflected this employment.” After a nonjury trial, the Civil Court, noting, among other things, that, on some of the leases relied on by occupant, landlord’s agent’s signature had been rubber-stamped, ruled that occupant had failed to establish her defense that she was a rent-stabilized tenant and awarded landlord a final judgment of possession. We reverse.
Rent Stabilization Code (9 NYCRR) § 2520.11 (m) exempts from rent stabilization
“housing accommodations occupied by domestic servants, superintendents, caretakers, managers or other employees to whom the space is provided as part or all their compensation without payment of rent and who are employed for the purpose of rendering services in connection with the premises of which the housing accommodation is a part” (emphasis added).
Here, the petition implicitly admits, and tenant’s undisputed testimony established, that she had paid rent. Moreover, at trial, tenant introduced a copy of at least one lease, for the 1990-1992 period, which was hand-signed by landlord’s agent in several places, which fixed the monthly rent at $421.60. In these *54 circumstances, the preponderance of the proof established that, contrary to landlord’s claim, the apartment was not exempt from rent stabilization. Thus, occupant is entitled to a renewal lease (see e.g. Matter of 323 Marine Ave., LLC, DHCR Admin Review docket No. SG210026RO [Nov. 23, 2004]; Matter of Hill, DHCR Admin Review docket No. QJ210139RT [Jan. 7, 2003]; Matter of Melendez, DHCR Admin Review docket No. OF210088RT [July 20, 2001]).
Accordingly, the final judgment is reversed and the matter remitted to the Civil Court for the entry of a final judgment dismissing the petition.
Pesce, EJ., Rios and Solomon, JJ., concur.