Majestic Realty Corp., Petitioner-Landlord-Appellant, 
against
Allen Orgel, Respondent-Tenant-Respondent, and Orit Orgel, Respondent-Undertenant.



Landlord, as limited by its briefs, appeals from so much of an order of the Civil Court of the City of New York, New York County (John H. Stanley, J.), dated September 11, 2017, as denied its motion for summary judgment in consolidated holdover summary proceedings.




Per Curiam.
Order (John H. Stanley, J.), dated September 11, 2017, insofar as appealed from, affirmed, with $10 costs.
Petitioner-landlord's motion for summary judgment of possession was properly denied in these combined holdover proceedings, based upon allegations that respondent's license to occupy two allegedly "exempt" employee apartments terminated upon the termination of his employment. Landlord failed to demonstrate the absence of triable issues of fact as to whether either or both of the apartments were exempt from rent stabilization, since neither apartment was registered as temporarily exempt based upon employee occupancy, landlord accepted rent from respondent for many years (see Rent Stabilization Code [9 NYCRR] § 2520.11[m]; Arkon Props., Inc. v Rivera, 48 Misc 3d 131[A], 2015 NY Slip Op 51051[U] [App Term, 2d, 11th and 13th Jud Dists 2015]; 530 Second St. Co., L.P. v Alirkan, 37 Misc 3d 52 [2012]), and there is no indication that either apartment was necessary for respondent to perform the duties of his employment (see 137 Oak Mgt., Inc. v Zamorski, 46 Misc 3d 145[A], 2015 NY Slip Op 50202[U] [App Term, 2d, 11th and 13th Jud Dists 2015]). The record also shows that respondent was already a senior level employee when he initially leased apartment 8C at a preferential rent of $1,200 per month; and a rider to the lease indicated that in the event respondent's employment was terminated, the rent would return to the legal rent of $2,100.
Nor did landlord demonstrate as a matter of law that respondent exchanged his status as rent stabilized tenant of apartment 8C to that of employee, when he was permitted to combine 8C with apartment 8D, and he executed license agreements providing, inter alia, that he occupies both apartments pursuant to a license as an incident to his employment (see Genc Realty LLC v Nezaj, 52 AD3d 415 [2008]; 137 Oak Mgt., Inc. v Zamorski, 46 Misc 3d 145[A]; Arkon Props., Inc. v Rivera, 48 Misc 3d 131[A]; 530 Second St. Co., L.P. v Alirkan, 37 Misc 3d 52; Gottlieb v Adames, NYLJ, Sept. 23, 1994, at 21, col 2 [App Term, 1st Dept]). Neither license agreement made reference to respondent's status as a tenant of 8C or his rights under rent stabilization that he was purportedly relinquishing and, indeed, the agreements incorrectly specified that the apartments were exempt from stabilization because of luxury deregulation.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: July 05, 2018