834 Bay Ridge, LLC v Castillo (2025 NY Slip Op 50507(U))

[*1]

834 Bay Ridge, LLC v Castillo

2025 NY Slip Op 50507(U)

Decided on April 4, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 4, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, MARINA CORA MUNDY, JJ

2024-608 K C

834 Bay Ridge, LLC, Respondent,
against
Victorina E. Castillo and Carl A. Guthwin, Appellants. 

The Law Offices of Michael J.S. Pontone, P.C. (Michael J.S. Pontone of counsel), for appellants.
Kevin Kerveng Tung, P.C. (Jiajie Cao of counsel), for respondent.

Appeal from a final judgment of the Civil Court of the City of New York, Kings County (David A. Harris, J.), entered February 20, 2024. The final judgment, after, in effect, a hearing (see CPLR 409 [a]), awarded landlord possession and the principal sum of $29,395.72 in a nonpayment summary proceeding.

ORDERED that the final judgment is affirmed, without costs.
In this nonpayment proceeding to recover a rent-stabilized apartment, landlord sought possession based upon rent arrears from April 2022 through September 2022, and a monetary award. The parties stipulated to landlord's prima facie case and the submission of specified exhibits (see CPLR 409, 3222), and submitted memoranda of law regarding the only outstanding issue—a legal question of whether a reduced rent constitutes a preferential rent.[FN1]
The lease [*2]executed by tenants and the previous landlord sets forth a legal regulated rent of $1,929.67 with a reduced rent of $1,475 provided that tenants perform maintenance-type services in and around the subject apartment building. In the lease, the previous landlord reserved the right to revoke the reduced rent upon 30 days written notice should it be dissatisfied with tenants' performance of services. Upon a transfer of ownership, the current landlord was assigned all rights under the lease and gave tenants the requisite 30 days notice.
Preferential rent is defined in Rent Stabilization Code (RSC) (9 NYCRR) § 2521.2 (a) as "the amount of rent charged to and paid by the tenant [that] is less than the legal regulated rent for the housing accommodation." However, not all reduced rents are considered preferential rents. For example, neither reduced rents in exchange for timely payment (on time discounts) (see Matter of Hillside Park 168, LLC v New York State Div. of Hous. & Community Renewal, 200 AD3d 964 [2021]; Matter of One Ninety Sixth St, LLC v New York State Div. of Hous. & Community Renewal, 200 AD3d 961 [2021]; Matter of Kings Park 8809, LLC v New York State Div. of Hous. & Community Renewal, 200 AD3d 959 [2021]; Matter of Bandil Farms Inc. v New York State Div. of Hous. & Community Renewal, 190 AD3d 403 [2021]) nor reduced rents pursuant to DHCR rent reduction orders (see 5763 Wadsworth LLC v Ramirez, 66 Misc 3d 140[A], 2020 NY Slip Op 50127[U] [App Term, 1st Dept 2020]) are considered preferential rents.
While the Civil Court held that the reduced rent in tenants' lease does not constitute a preferential rent because tenants gave consideration in exchange, the presence of consideration is not dispositive. For example, a landlord may offer a preferential rent in exchange for a tenant moving to a different apartment (see Aijaz v Hillside Place, LLC, 3 Misc 3d 754 [Civ Ct, Queens County 2004], mod 8 Misc 3d 73 [App Term, 2d Dept, 2d & 11th Jud Dists 2005], affd in part and revd in part 37 AD3d 501 [2007]) or for a tenant accepting an apartment in "as is" condition (see Matter of Pastreich v New York State Div. of Hous. & Community Renewal, 50 AD3d 384 [2008]). In those scenarios, the tenant's obligation to provide consideration is finite and fulfilled at or around the beginning of the tenancy. Where a tenant has an obligation to provide ongoing consideration in exchange for a reduced rent, there is no preferential rent because that ongoing consideration constitutes a form of partial payment of the rent. Additionally, while not exactly analogous, superintendents who enter into possession of an otherwise rent-stabilized apartment solely as an incident of their employment are not considered rent-stabilized tenants with a preferential rent of $0 and would not be entitled to occupy their apartments without performing their job duties (see RPAPL 713 [11]; RSC § 2520.11 [m]; Majestic Realty Corp. v Orgel, 60 Misc 3d 57 [App Term, 1st Dept 2018]; Arkon Props., Inc. v Rivera, 48 Misc 3d 131[A], 2015 NY Slip Op 51051[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; 530 Second St. [*3]Co., L.P. v Alirkan, 37 Misc 3d 52 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; Clearview Apt. Assoc., LP v Ocasio, 17 Misc 3d 23 [App Term, 2d Dept, 2d & 11th Jud Dists 2007]).
Here, landlord reduced the rent in exchange for consideration—the ongoing performance of satisfactory maintenance-type services in and around the subject building. Where rent is reduced in exchange for the performance of services, the tenant is essentially paying that difference with "services . . . valued in terms of rent" (Filmat Realty Corp. v Carleo, 186 Misc 717, 719 [App Term, 2d Dept 1946]). Since the performance of services acts as payment of the difference, tenants are not entitled to the reduced rent without performing the agreed-upon services. Thus, the reduced rent does not meet the definition of preferential rent as set forth in RSC § 2521.2 (a).
Accordingly, the final judgment is affirmed.
TOUSSAINT, P.J., BUGGS and MUNDY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 4, 2025

Footnotes

Footnote 1: Once a preferential rent has been granted to a tenant, the landlord may not return to the higher legal regulated rent in any subsequent renewal lease (see Rent Stabilization Code [9 NYCRR] § 2521.2 [a], [d] ["Any tenant who is subject to a lease in effect on or after June 14, 2019, or is or was entitled to receive a renewal or vacancy lease on or after such date, upon renewal of such lease, the amount of rent for such housing accommodation that may be charged and paid shall be no more than the rent charged to and paid by the tenant prior to that renewal, as adjusted by the most recent applicable guidelines increases and any other increases authorized by law"]).