In the Matter of HYMAN C. GOODMAN et al., Respondents, against PAUL L. Ross et al., Constituting the Temporary City Housing Rent Commission of the City of New York, Appellants.— Order (1) annulling determinations made by appellants, constituting the Temporary City Housing Rent Commission of the City of New York, which denied respondents' application for a certificate permitting an éviction from dwelling premises; and (2) directing appellants to issue such certificate, reversed on the law and the facts, without costs, and the petition dismissed, without costs. During the time that the accredited tenant was recognized as such by respondents, the present occupants of the apartment were part of the family unit of the tenant, and were entitled to possession, use and occupancy of the apartment. In our opinion, the fact that the accredited tenant had moved from the apartment, leaving the remainder of the family unit in possession, did not render the latter the less entitled to such possession, use and occupancy. No immediate compelling necessity on the part of the landlords for possession of the apartment has been shown. Even if the situation warranted a finding that the present occupants are undertenants, as claimed by respondents, and not tenants, as found by appellants, it has not been shown that, by reason of such claimed status of the occupants, the respondents are entitled to a certificate. Lewis, P. J., Carswell, Johnston, Adel and Wenzel, JJ., concur.

In the Matter of FREDERICK A. HAMILTON, Appellant, against JOHN M. BECKMANN, as Commissioner of Police of the County of Nassau, Respondent.— Order denying appellant's application for an order under article 78 of the Civil Practice Act directing his reinstatement as a sergeant of police in the Police Department of the County of Nassau, unanimously affirmed, without costs. No opinion. Present — Carswell, Acting P. J., Johnston, Nolan, Sneed and Wenzel, JJ.

In the Matter of ADA JACOBS, Respondent, against VILLAGE OF MAMARONECK, Appellant.— In a proceeding under section 205 of the General Municipal Law, to recover a payment upon the death of a volunteer fireman, order of the County Court, Westchester County, directing a money judgment in favor of petitioner, unanimously affirmed, with costs. The decedent suffered a coronary thrombosis within approximately a half hour after he had finished driving a fire truck to and from the location of a fire. The evidence is sufficient to sustain the implicit finding that he died from injuries incurred while in the performance of his duties as a volunteer fireman. Present — Lewis, P. J., Carswell, Johnston, Adel and Wenzel, JJ.

In the Matter of MANHATTAN SAVINGS BANK, as Successor by Merger with Metropolitan Savings Bank, Judgment-Creditor, Appellant, against FANNIE LIEBMAN, Judgment-Debtor, and SEYMOUR B. LIEBMAN et al., Respondents.— In supplementary proceedings, order confirming the report of an official referee, made after hearings, and vacating an injunction against paying out moneys on deposit in savings bank accounts, affirmed, with $10 costs and disbursements. No opinion. Lewis, P. J., Carswell, Johnston, Adel and Wenzel, JJ., concur.