Benjamin Brenner, J.
In an article 78 proceeding petitioner seeks to review the determination of the Temporary State Housing Rent Administrator and for an order directing the issuance of a certificate of eviction. The facts briefly disclose that the subject apartment was originally rented and occupied by husband and wife. Subsequently, with the apparent consent of the then owner the family unit was expanded to include the tenant’s mother-in-law and sister-in-law. When petitioner purchased the premises the apartment was occupied by all of them as a family unit. In 1948 and 1949 proceedings had been instituted by the petitioner for an increase in rent based upon the alleged increased occupancy. The record is not clear whether the original occupants vacated the apartment in 1949 or 1950, leaving the mother-in-law and sister-in-law in possession. Rent was collected from the remaining occupants but receipts were issued in the name of the original tenant. The petitioner contends that he had no knowledge of the removal until 1952 when the present proceeding, predicated on subdivision 1 of section 56 of the State Rent and Eviction Regulations was instituted. Subdivision 1 of section 56 of the State Rent and Eviction Regulations provides that a certificate of eviction will be issued as against a tenant and subtenant where the landlord seeks in good faith to recover possession of the housing accommodations following expiration of the tenant’s rental agreement at which time the occupants of the accommodations are subtenants under a rental agreement with the tenant and no part of the accommodations are used by the tenant as his own dwelling. It is conceded that the original tenant is not using any portion of the demised premises.
Upon the record it cannot be said that the determination of the respondent in finding that the remaining occupants were members of the original family unit at the time the petitioner purchased the premises was unreasonable or arbitrary. The record fails to disclose any rental arrangement for the subletting of the apartment to the ‘ ‘ in-laws ’ ’ and they cannot be considered subtenants. During the time that the accredited tenant was recognized as such by the respondent, the present occupants of the apartment were part of the family unit of the tenant and were entitled to possession, use and occupancy of the apartment. As the court held in Matter of Goodman v. Ross (274 App. Div. 811): “In our opinion, the fact that the accredited tenant had moved from the apartment, leaving the remainder *1087 of the family unit in possession, did not render the latter the less entitled to such possession, use and occupancy.” (See, also, Matter of Park East Land Corp. v. Finkelstein, 299 N. Y. 70.) Under the circumstances, even though the original persons comprising the family unit are no longer in possession, the remaining persons are still entitled to the protection of the State Residential Rent Law (L. 1946, ch. 274, as amd.). A reading of the cases cited by the petitioner indicates that they are inapposite in their facts and clearly distinguishable in law. Accordingly, the petition is dismissed.