OPINION OF THE COURT
Per Curiam.
Final judgment entered September 14, 1995 affirmed, with $25 costs.
*554 We affirm Civil Court’s grant of the holdover petition for possession of the superintendent’s apartment — number 1A — at the building premises. Respondent occupied this apartment, without paying rent, incident to his employment in 1978. His occupancy rights terminated upon the termination of employment (RPAPL 713 [11]; Greater N. Y. Corp. of Seventh-Day Adventists v Harrison, 174 AD2d 361; 1 Rasch, New York Landlord and Tenant — Summary Proceedings § 4:7 [3d ed]). Even assuming that respondent resided in apartment 4A as tenant of record for 18 months prior to the employment,* the record does not support a finding that respondent occupied apartment 1A in the dual capacity of an employee as well as a tenant or that he should now be accorded stabilized status. Gottlieb v Adames (NYLJ, Sept. 23, 1994, at 21, col 2 [App Term, 1st Dept]), relied upon by respondent, is distinguishable on its facts. The tenant in that case did not relocate to a superintendent’s apartment when employed by the landlord and continued to pay rent for many years.

 Neither party produced a lease in respondent’s name at trial.