*115 OPINION OF THE COURT
Per Curiam.
Final judgment, entered on or about September 24, 2004, affirmed, with $25 costs.
We affirm Civil Court’s grant of the holdover petition for possession of the superintendent’s apartment (unit 5E) at the building premises. The trial evidence showed, and it is not seriously disputed, that respondent Nezaj, after living in the building for several years, was hired as superintendent in 1988 and served in that position until his employment was terminated in April 2004. During his 16-year term of employment, respondent lived rent-free and, in addition to his annual salary, was paid an extra $100 each month to cover the cost of electricity. Based on this evidence, the court was warranted in concluding that respondent’s occupancy rights to the subject apartment were derived solely from his employment status, and that respondent failed to establish “any facts at trial that prove that ... he was occupying the premises in a dual capacity of a tenant as well as an employee.” In the absence of a “clear[ ]” showing “that the parties themselves did not treat the occupancy as an incident of [respondent’s] employment, or that the parties expressly agreed for the co-existence of the dual relationship” (1 Dolan, Rasch’s Landlord and Tenant—Summary Proceedings § 4:7, at 179-180 [4th ed]), the court’s express factual determination on this issue should not lightly be cast aside.
That respondent previously occupied other apartments in the building — initially living in a first-floor unit leased to respondent’s father and later in a fourth-floor unit leased to respondent’s wife — “does not support a finding that respondent occupied apartment [5E] in the dual capacity of an employee as well as a tenant or that he should now be accorded stabilized status” (Mohr v Gomez, 173 Misc 2d 553, 554 [1997]). Nor was an express agreement to extend tenancy rights to respondent in connection with apartment 5E shown by respondent’s exhibit D — a photocopy of a handwritten note allegedly initialed by landlord’s principal on paper taken from an office diary of February 2 of a year unspecified — a document properly viewed by the court as “self-serving” and lacking in probative value.