OPINION OF THE COURT
Memorandum.
Order, insofar as appealed from, affirmed without costs.
In this summary proceeding brought pursuant to RPAPL 713 (11), landlord claims that respondents are in possession solely as an incident of respondent Gumersino Jr. Ocasio’s employment as superintendent and that his employment was terminated. All of the named respondents other than “John Doe” and “Jane Doe” answered, asserting that respondent Mercedes Rodriguez was the rent-stabilized tenant of record prior to Ocasio’s employment and that she continued to cooccupy the apartment with him and remained the rent-stabilized tenant during the period of Ocasio’s employment as superintendent. In support of the instant motion for summary judgment dismissing the petition, respondents submitted the certified rent registration records of the Division of Housing and Community Renewal (DHCR) showing that Rodriguez was registered as the tenant of record from 1988 until 2000, when Ocasio became superintendent. In addition, they claimed that they paid rent to, and were issued leases and rent receipts by, landlord’s predecessor during the term of Ocasio’s employment, and they submitted copies of these documents. In opposition, landlord asserted that the leases and rent receipts relied upon by respondents were fraudulent and were issued by landlord’s predecessor at Rodriguez’ insistence so that Rodriguez could obtain public assistance. The housing court found that Rodriguez had been the rent-stabilized tenant prior to Ocasio’s employment and remained such during his employment. Invoking principles of equity, the court held that landlord was barred, by virtue of its predecessor’s alleged wrongful acts, from contending that the leases and rent receipts were fraudulent. Accordingly, it granted summary judgment to occupants.
*25 Upon the state of the record presented, the court erred in holding, as a matter of law, that equity precluded landlord from challenging the validity of the leases and rent receipts. A “successor in interest is not necessarily subject to an equitable estoppel valid as against his or her predecessor, unless the successor takes the interest with knowledge of the facts creating the estoppel” (57 NY Jur 2d, Estoppel, Ratification, and Waiver § 43; see International Chimney Corp. v 26 W. Spring St. Assoc., 167 AD2d 816, 817 [1990]). Since occupants did not show that landlord took title with knowledge of the facts creating the estoppel, there was no basis to preclude landlord from challenging the validity of the leases and rent receipts.
Notwithstanding the absence of an estoppel in respondents’ favor, the housing court correctly awarded summary judgment to respondents. As the court noted, the certified DHCR rent registration records established that respondent Rodriguez was the rent-stabilized tenant of record since 1988. It is undisputed that Rodriguez and Ocasio continued to cooccupy the apartment after Ocasio agreed to become the superintendent. There is no indication that Rodriguez ever surrendered the apartment, although landlord claims that there were periods when Rodriguez was absent from the apartment. Moreover, landlord’s contention that the leases and rent receipts issued by the prior landlord were fraudulent is not supported by any affidavit by one with personal knowledge. In these circumstances, in the absence of a clear indication of Rodriguez’ intent to surrender her rent-stabilized status, Ocasio’s acceptance of employment as superintendent, and the resulting rent concession which may have been given to Rodriguez, did not operate to terminate Rodriguez’ rent-stabilized tenancy (see Mohr v Gomez, 173 Misc 2d 553 [App Term, 1st Dept 1997]; Gottlieb v Adames, NYLJ, Sept. 23, 1994, at 21, col 2 [App Term, 1st Dept]; Filmat Realty Corp. v Carleo, 186 Misc 717 [App Term, 2d Dept 1946]). Accordingly, we affirm the award of summary judgment to respondents.
Golia, J. (dissenting and voting to reverse the order, insofar as appealed from, and deny respondents’ motion for summary judgment dismissing the petition in the following memorandum). In the first instance, I am in accord with the majority in ruling that the lower court erred in holding that the present landlord was precluded from challenging the validity of the leases and rent receipts which were allegedly created by the former landlord for the sole purpose of committing a fraud upon the Department of Social Services (Welfare).
*26 However, the majority opinion does not address or appreciate the impact of such “fraudulent” activity as it regards the occupants, who personally participated in this alleged fraud. If true, it was Ms. Rodriguez who importuned the former landlord to create false documents for the purpose of fraudulently obtaining “Welfare” benefits; and, if true, it was Ms. Rodriguez who then submitted those false documents to the Department of Social Services.
In addition, if there was no rent actually collected for the subject apartment during the period of Mr. Ocasio’s service as superintendent, then the occupants also submitted false evidence to the court when they asserted that they in fact paid rent during that period.
Finally, I disagree with the majority that it is undisputed that Ms. Rodriguez continued to occupy the subject apartment after Mr. Ocasio became the superintendent. There is a factual affidavit from the landlord’s agent that asserts that Ms. Rodriguez did not continually reside in the subject apartment and had permanently abandoned the apartment prior to the commencement of the proceeding.
Indeed, under these and all the circumstances raised, it appears to me that there are sufficient issues of fact to deny the motion for summary judgment and to require a trial on the merits.
Pesce, EJ., and Rios, J., concur; Golia, J., dissents in a separate memorandum.