■ Genc REALTY LLC, Respondent, v SELMAN NEZAJ, Appellant, et al., Respondents. [860 NYS2d 106]—

Order of the Appellate Term of the Supreme Court of the State of New York, First Department, entered on or about November 22, 2006, which affirmed a judgment of the Civil Court, Bronx County (Brenda S. Spears, J.), entered on or about September 24, 2004, awarding possession of the subject apartment to petitioner landlord upon a finding that respondent's right to occupy the apartment was an incident of his employment as superintendent of the building, and, as such, terminated along with his employment, unanimously affirmed, without costs.

Although respondent, as the husband of the tenant of record of another apartment in the building, was previously protected under the Rent Stabilization Law (*see Festa v Leshen*, 145 AD2d 49 [1989]; *Matter of Waitzman v McGoldrick*, 20 Misc 2d 1085 [Sup Ct, Kings County 1953]), when he accepted employment as the superintendent, and moved into the separate superintendent's apartment, he "exchanged his status of tenant for that of employee and the landlord-tenant relationship ceased to exist" (*Marsar Gardens v Guevara*, 108 Misc 2d 817, 819 [Civ Ct, Queens County 1981]; *compare Mohr v Gomez*, 173 Misc 2d 553 [App Term, 1st Dept 1997] [respondent's occupancy dependent on employment where he moved from his rent stabilized apartment to the super's apartment in same building upon becoming super], *with Yui Woon Kwong v Guido*, 129 Misc 2d 211 [Civ Ct, NY County 1985] [respondent's occupancy not dependent on employment where he remained in his rent stabilized apartment upon becoming super]). The undated, handwritten note

introduced by respondent, allegedly initialed by petitioner's representative when respondent became superintendent, and purporting to promise respondent a renewable, regulated two-year lease in the event his employment as superintendent were terminated, lacks probative value. Petitioner's representative denied ever having initialed this paper, and respondent himself originally testified that there was no written agreement. We have also considered and rejected respondent's argument that the petition fails to state a cause of action. Concur—Lippman, P.J., Tom, Andrias and Saxe, JJ. [*See* 13 Misc 3d 114.]