OPINION OF THE COURT
Scott Fairgrieve, J.
Petitioners have commenced this holdover proceeding against respondent Sharon Searchwell claiming that she is a tenant/ occupant “having entered into possession under agreement made with Esther P. Stincone made prior to January, 2015” (see para No. 2 of petition). The premises involved are located at 95 Joan Court, Elmont, New York.
Petitioners allege in paragraph No. 5 of the petition that a monthly written notice was served upon respondent terminating the lease term on August 31, 2016.
The respondent served her verified answer, dated September 21, 2016, wherein the respondent denied being a tenant of the premises. Respondent withdrew her counterclaim contained in the answer on the record on December 18, 2016.
Respondent was hired by the decedent Esther P. Stincone as a home aide and lived at the premises providing services. Eventually, decedent Esther P. Stincone went into a nursing home and died. Respondent has lived at the premises up to the present time.
Respondent moves for an order dismissing the petition. Respondent contends that she is a licensee and that no landlord-tenant relationship existed.
Respondent is alleging that the 30-day notice served upon her as a tenant is inappropriate, and, since respondent is a licensee, a 10-day notice should have been served.
The affidavit of respondent sworn to October 18, 2016 states that she was hired by Esther P. Stincone as a home health care aide. Respondent indicates that as part of her employment, she resided at the house and also took care of the decedent at the nursing home while she continued to live at the premises.
Respondent sets forth that she never paid rent.
In opposition, petitioner submits the affirmation of Robert W. O’Brien, Esq., dated October 22, 2016. Mr. O’Brien states that respondent commenced a small claims action against Esther Stincone in 2014. The small claims complaint indicates that respondent has been residing at the premises since January 16, 2014.
*926 A 30-day notice was served upon respondent terminating her tenancy as of August 31, 2016.
Petitioners’ attorney, Robert W. O’Brien, writes that he asked the respondent to vacate the premises but she refused to leave. Mr. O’Brien claims that respondent is a tenant and not a licensee, because
“[o]n page 30-31 of The Bench Guide To Landlord & Tenant Disputes in New York, District Court Judge Stephen L. Ukeiley discusses the difference between a licensee (who is entitled to only Ten-Day Notice) and a tenant-at-will (who is entitled to Thirty Day Notice), and concludes that ‘. . . where the occupant has complete and unfettered access and possession to all or a portion of the property, the occupant is more likely to be considered a tenant-at-will notwithstanding the absence of an agreement to pay rent.’ ”
Decision
Petitioners are entitled to commence a holdover proceeding against respondent. In Daniel Finkelstein and Lucas A. Fer-rara, Landlord and Tenant Practice in New York § 15:86 (West’s NY Prac Series, vol G, 2016), the following appears:
“Grounds for holdover proceeding against a non-tenant—Occupancy incidental to employment
“A landlord or lessor may initiate a holdover proceeding against an occupant who entered into possession of the premises as an incident of employment and:
“• the time agreed upon for such possession has expired; or
“• if no time was agreed upon the employment has been terminated.
“No notice to quit is required.” (Emphasis added.)
RPAPL 713 (11) states that no notice is required to evict a person who entered the premises incidental to employment:
“The person in possession entered into possession as an incident to employment by petitioner, and the time agreed upon for such possession has expired or, if no such time was agreed upon, the employment has been terminated; no notice to quit shall be required in order to maintain the proceeding under this subdivision.”
*927 Contrary to petitioners’ contentions, respondent is a licensee and not a tenant. See Treasure Tower Corp. v Santos (28 Misc 3d 140[A], 2010 NY Slip Op 51551[U], *2-3 [App Term, 1st Dept 2010]), holding:
“A superintendent who occupies an apartment purely as an incident of employment is a licensee and must vacate the unit upon the termination of his or her employment (see RPAPL § 713 [11]; Genc Realty LLC v Nezaj, 52 AD3d 415 [2008]; Mohr v Gomez, 173 Misc 2d 553 [1997]).”
In the case at bar, respondent’s occupancy rights terminated upon the end of her employment. (See Mohr v Gomez, 173 Misc 2d 553 [App Term, 1st Dept 1997].) See also Finkelstein and Ferrara, Landlord and Tenant Practice in New York § 3:67 (West’s NY Prac Series, vol F, 2016), stating that the employee is not a tenant and no notice is required to terminate the occupancy:
“No landlord-tenant relationship when occupancy made contingent on employment relationship
“If the occupancy is considered an incident of employment and is terminable upon the cessation of the affiliation, such an individual will not be deemed a ‘tenant.’ No landlord-tenant relationship exists when ‘[t]he person in possession entered into possession as an incident to employment by petitioner, and the time agreed upon for such possession has expired or, if no such time was agreed upon, the employment has been terminated; no notice to quit shall be required in order to maintain the proceeding under this subdivision.’ [n 1]
“[n 1] Real Prop. Acts. Law § 713(11); see Treasure Tower Corp. v. Santos, 28 Misc. 3d 140(A), 958 N.Y.S.2d 63 (1st Dep’t 2010) (‘A superintendent who occupies an apartment purely as an incident of employment is a licensee and must vacate the unit upon the termination of his or her employment.’); Genc Realty LLC v. Nezaj, 13 Misc. 3d 114, 827 N.Y.S.2d 405 (App. Term 2006), order affd, 52 A.D.3d 415, 860 N.Y.S.2d 106 (1st Dep’t 2008); Mohr v. Gomez, 173 Misc. 2d 553, 662 N.Y.S.2d 979 (App. Term 1997); Gottlieb v. Adames, N.Y.L.J., 9/23/94, p. 21, col. 2 (App. Term, 1st Dep’t); Williams v. Casiano, N.Y.L.J., 6/15/93, p. 21, col. 2 (App. Term, 1st Dep’t) (‘No landlord tenant relationship was created inasmuch as respondent never had a lease during his 10 year occupancy nor *928 tendered as security deposit. Nor do we deem the payroll deduction of a specified sum from respondent’s salary for use of the apartment a conclusive factor sufficient to create a landlord-tenant relationship between the parties!.]’); Kwong v. Guido, 129 Misc. 2d 211, 492 N.Y.S.2d 678 (N.Y. City Civ. Ct. 1985); Hartman v. Sykes, 66 Misc. 2d 764, 322 N.Y.S.2d 158 (N.Y. City Civ. Ct. 1971).”
Normally under RPAPL 713, a 10-day notice to terminate occupancy is required, but this is excluded by section 713 (11).
Based upon the above, respondent is not a tenant but a licensee, and no notice is required to terminate her occupancy. Thus, respondent’s motion to dismiss is denied because the issue of whether a 30-day notice or 10-day notice is required to be served is irrevelant, since no notice is required prior to commencing this proceeding to terminate respondent’s occupancy. Petitioners’ characterization of respondent as a tenant is a harmless error. Petitioners have the right to terminate respondent’s occupancy because her employment terminated.
Conclusion
The motion to dismiss is denied.