OPINION OF THE COURT
Memorandum.
Ordered that the final judgment is reversed, without costs, and the matter is remitted to the Civil Court for the entry of a final judgment dismissing the petition.
Petitioner, a housing development fund corporation, commenced this summary proceeding pursuant to RPAPL 713 (11), seeking to recover possession of an apartment on the ground that Jose Torres (occupant) had entered into possession of the apartment as an incident of his employment as superintendent and that his employment had been terminated. In his answer, occupant alleged that he had been hired as the building superintendent in 1999; that he had been given an apartment in connection with that employment; and that, shortly thereafter, he had moved into the subject premises, a different apartment in the same building, at which time his job title had changed to janitor and he had commenced paying rent, which had been deducted from his salary. In 2014, petitioner terminated occupant’s employment and, after he failed to vacate the subject premises, commenced this proceeding. Following a nonjury trial, the Civil Court, finding that petitioner had proved its prima facie case and that occupant had failed to prove his affirmative defense that he had entered into possession of the subject apartment as a tenant, awarded possession to petitioner.
RPAPL 713 (11) permits an owner to maintain a summary proceeding against a person who “entered into possession as an incident to employment by petitioner.” Contrary to the holding of the Civil Court, in a proceeding brought pursuant to this provision, the burden is on the petitioner to establish prima facie that possession of the premises sought to be recovered *92 was obtained as an incident to the occupant’s employment; it is not the occupant’s burden to establish that he entered into possession as a tenant (see 137 Oak Mgt., Inc. v Zamorski, 46 Misc 3d 145[A], 2015 NY Slip Op 50202[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; OLR LBCE LP v Trottman, 42 Misc 3d 1227[A], 2014 NY Slip Op 50238[U] [Civ Ct, Bronx County 2014]). Furthermore, contrary to the view implicit in the dissent, the dispositive issue is not how occupant entered into possession of his previous apartment; rather, it was petitioner’s burden to establish that occupant entered into possession of the subject apartment as an incident of his employment. Petitioner’s proof at trial failed to sustain petitioner’s prima facie case. While occupant acknowledged in his answer that he had taken possession of a different apartment as an incident of his employment as superintendent, he specifically denied that the subject apartment had been given to him as an incident of his employment and asserted that he had paid rent for the apartment. Yet, petitioner introduced no witness with personal knowledge of occupant’s employment terms, or any documentary evidence, such as an employment contract, board minutes, tax forms or salary receipts, or any other competent evidence, to establish that occupant had entered into possession of the subject apartment as an incident of his employment. Thus, petitioner failed to meet its burden under RPAPL 713 (11).
In light of the above, we do not reach occupant’s other arguments.
Accordingly, the final judgment is reversed and the matter is remitted to the Civil Court for the entry of a final judgment dismissing the petition.
Weston, J.P. (dissents and votes to affirm the final judgment in the following memorandum). Affording substantial deference to the credibility findings of the Civil Court (see Shahid v Morataya, 31 Misc 3d 151[A], 2011 NY Slip Op 51128[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]), I conclude that the court’s determination was amply supported by the record. Accordingly, I respectfully dissent and vote to affirm.
Based upon a fair interpretation of the evidence, the trial court was justified in concluding that petitioner sustained its burden of showing that occupant’s possession was obtained as an incident to employment. It is undisputed that, in 1999, occupant was hired by the then manager of the building as the *93 building’s superintendent and was given an apartment as an incident to employment. Although the managing agent’s testimony on this issue was hearsay, occupant admits in his answer that, in 1999, he was hired by the then manager of the building as the building’s superintendent. In 2000, a member of the board requested that occupant relocate to the subject apartment. On this record, it is clear that any occupancy rights occupant had to the subject apartment “derived solely” from his status as a superintendent (Genc Realty LLC v Nezaj, 13 Misc 3d 114, 115 [App Term, 1st Dept 2006], affd 52 AD3d 415 [2008]). To the extent occupant claimed that his position subsequently changed from superintendent to janitor, and that he became either a tenant or shareholder of the subject apartment, it was incumbent upon him to prove it {see id. [“respondent failed to establish any facts at trial that prove that . . . he was occupying the premises in a dual capacity of a tenant as well as an employee” (internal quotation marks omitted)]). The trial court not only found that occupant had failed to meet this burden, but flatly rejected his testimony as inconsistent and not credible. The trial court noted that, unlike his trial testimony, occupant never interposed an affirmative defense in his answer that he was a shareholder of the subject apartment. Moreover, the trial court found occupant’s witness—his girlfriend’s daughter—not to be credible.
In contrast, the trial court found petitioner’s witnesses to be worthy of belief. The court noted that petitioner’s agent testified credibly that occupant’s employment was terminated and that the building’s share registry did not list occupant as a shareholder. The court also credited the testimony of a nonparty rebuttal witness who, as a former vice-president on the board of directors in 1999 and 2000, testified that no shares had been issued to occupant in 1999. Based on this testimony, and occupant’s own admission that he had been hired as the building’s superintendent and given an apartment, the trial court correctly determined that petitioner met its prima facie burden of showing that occupant possessed the subject apartment as an incident to his employment. “In the absence of a clearf ] showing that the parties themselves did not treat the occupancy as an incident of [occupant’s] employment, or that the parties expressly agreed for the co-existence of [a] dual relationship, the court’s express factual determination on this issue should not lightly be cast aside” {id. [internal quotation marks and citation omitted]). I see no reason to disturb the court’s determination.
*94 Accordingly, I vote to affirm the final judgment.
Pesce and Aliotta, JJ., concur; Weston, J.P., dissents in a separate memorandum.