Sunnybrook Gardens Owners, Inc. v Singh (2022 NY Slip Op 50379(U))

[*1]

Sunnybrook Gardens Owners, Inc. v Singh

2022 NY Slip Op 50379(U) [75 Misc 3d 129(A)]

Decided on April 28, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 28, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., HELEN VOUTSINAS, BARRY E.
WARHIT, JJ

2020-629 W C

Sunnybrook Gardens Owners, Inc.,
Respondent,
against
Vijay Singh, Appellant. 

Vijay Singh, appellant pro se.
Veneruso, Curto, Schwartz & Curto, LLP (Steven A. Accinelli of counsel), for respondent.

Appeal from a final judgment of the City Court of Yonkers, Westchester County (Thomas
Quinones, J.), entered August 16, 2019. The final judgment, after a nonjury trial, awarded
petitioner possession and the sum of $9,000 in a summary proceeding brought pursuant to
RPAPL 713 (11).

ORDERED that the final judgment is reversed, without costs, and the matter is remitted to
the City Court for the entry of a final judgment dismissing the petition. 
Petitioner, a cooperative organization, commenced this summary proceeding pursuant to
RPAPL 713 (11), seeking to recover possession of an apartment on the ground that occupant
entered into possession of the apartment as an incident to his employment as superintendent and
that his employment had been terminated. At a nonjury trial, occupant testified that he had
become a tenant of the subject, rent-stabilized apartment in 1985. Five years later, in 1990, he
became an employee of petitioner's with his rent of $280 per month waived as part of his salary.
While petitioner's agent testified that occupant's employment had been terminated, there was no
evidence contradicting occupant's assertion that he did not enter into possession of the apartment
as an incident to his employment by petitioner.
"[T]he burden is on the petitioner to establish prima facie that possession of the premises
sought to be recovered was obtained as an incident to the occupant's employment; it is
not the occupant's burden to establish that he entered into possession as a tenant" (350-352 S. 4th St., HDFC v Torres, 56
Misc 3d 90, 91-92 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017] [emphasis
added]; see RPAPL 713 [11]; Clearview Apt. Assoc., LP v Ocasio, 17 Misc 3d 23 [App Term, 2d
Dept, 2d & 11th Jud Dists 2007]). As petitioner failed to establish, prima facie, that
occupant had obtained possession as an incident to his employment, the judgment should be
reversed and the petition dismissed.
In view of the foregoing, we reach no other issue. 
Accordingly, the final judgment is reversed and the matter is remitted to the City Court for
the entry of a final judgment dismissing the petition. 
DRISCOLL, J.P., VOUTSINAS and WARHIT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 28, 2022