## 143-45 Wadsworth Ave. Hous. Dev. Fund Corp. v Oscar

2025 NY Slip Op 32303(U)

June 30, 2025

Supreme Court, New York County

Docket Number: Index No. 157069/2024

Judge: Kathleen Waterman-Marshall

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. KATHLEEN WATERMAN-MARSHALL                    PART                    31

*Justice*

---------------------------------------------------------------------------X

143-45 WADSWORTH AVENUE HOUSING
DEVELOPMENT FUND CORPORATION,

Plaintiff,

- v -

BERNARDO OSCAR, JACELINE DE OSCAR, WAGNER
OSCAR, JACELYS OSCAR, LUIS ANGEL OSCAR, AMAYA
RODRIGUEZ, JOHN DOE, JANE DOE

Defendant.

---------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 157069/2024 |
| MOTION DATE | 10/08/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46

were read on this motion to/for _____ JUDGMENT - SUMMARY _____.

This matter was administratively transferred to Part 31 in late January 2025.

Upon the foregoing documents, the motion by plaintiff 143-45 Wadsworth Avenue Housing Development Fund Corporation ("Wadsworth") for an order, granting Wadsworth: (1) summary judgment, pursuant to CPLR § 3212(a), against defendant Bernardo Oscar ("Mr. Oscar"); (2) a default judgment, pursuant to CPLR §3215, against defendants Jaceline De Oscar, Wagner Oscar, Jacelys Oscar, Luis Angel Oscar, Amaya Rodriguez, John Doe, Jane Doe (the "Non-Answering Defendants"); (3) an order of ejectment as against all defendants; (4) a money judgment, pursuant to RPAPL § 601, for use and occupancy from the commencement of this action through September 30, 2024, at $3,700 per month; and (4) a preliminary injunction restraining and prohibiting the defendants from using a gas tank in the basement apartment unit and preventing Wadsworth from ongoing access to the basement apartment unit, is granted in part.

## Procedural Background

In October 2024, Wadsworth moved, by order to show cause, for an order of ejectment, use and occupancy, and other relief. Wadsworth requested interim emergency relief, prohibiting defendants from using cooking gas tanks in the apartment, permitting it to access the apartment on 24 hours' notice, and awarding it use and occupancy in the amount of $3,700 per month.

The prior jurist (Hon. Louis Nock, JSC) signed the order to show cause and, as interim relief, granted a preliminary injunction prohibiting defendants from using or storing cooking gas tanks in the apartment. Justice Nock declined to sign the interim relief for access and use and occupancy.

**157069/2024   143-45 WADSWORTH AVENUE HOUSING DEVELOPMENT FUND CORPORATION**          **Page 1 of 5**
**vs. OSCAR, BERNARDO ET AL**
**Motion No.  001**

[* 1]

On November 14, 2024, Justice Nock heard oral argument on plaintiff's order to show cause. Plaintiff's counsel filed the transcript of the oral argument to NYSCEF on April 22, 2025, approximately five months later. Although defendants did not file written opposition to Wadsworth's order to show cause, Mr. Oscar appeared *pro-se* at the oral argument, and advised that he intended to retain counsel. Mr. Oscar also contends that Wadsworth did not serve a 90-day notice and demand for possession, instead serving a 10-day notice and demand for possession.

**Factual Background**

This dispute arises out of the use of a superintendent's apartment. Plaintiff is the Housing Development Fund Corporation (HDFC) owner of the apartment building located at 143-45 Wadsworth Avenue in the County, City, and State of New York. Mr. Oscar was employed as the Superintendent at Wadsworth's building, and as such, was entitled to use the superintendent's apartment.

However, Mr. Oscar's employment was terminated in May 2024 (NYSCEF Doc. No. 32), and Wadsworth served a 10-day notice to quit his possession of the superintendent's apartment on July 8, 2024, demanding defendants vacate the apartment by July 20, 2024 (NYSCEF Doc. No. 2). Wadsworth offered Mr. Oscar a three-bedroom unit in the building at a monthly rent of $1,300. Nevertheless, defendants failed to turn over possession of the superintendent's apartment to Wadsworth, and continue to use the apartment.

**Discussion**

*I. Default Judgment*

CPLR § 3215(a) provides that a plaintiff may obtain a default judgment when a defendant has failed to appear or plead. The plaintiff must provide proof of service of the summons and complaint, proof of the underlying facts constituting the claim, and proof of default (CPLR § 3215[f]; *see also Bigio v Gooding,* 213 AD3d 480 [1st Dept 2023]; *SRMOF II 2012-I Trust v Tella,* 139 AD3d 599 [1st Dept 2016]; *Green Tree Servicing, LLC v Cary*, 106 AD3d 691, 692 [2d Dept 2013]). A defendant who has failed to appear in an action is "deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them" (*Woodson v Mendon Leasing Corp*., 100 NY2d 62, 71 [2003]).

Wadsworth established requisite service of the summons and complaint on defendants (NYSCEF Doc. Nos. 3 and 36). On August 9, 2024, Wadsworth caused the summons and complaint to be served upon Jaceline De Oscar ("Ms. Oscar") by way of personal service pursuant to CPLR § 308(1). Wadsworth caused the summons and complaint to be served upon the other Non-Answering Defendants and Mr. Oscar by way of personal service upon Ms. Oscar, a person of suitable age and discretion, at the Unit on August 9, 2024, and by mail on August 10, 2024, pursuant to CPLR § 308(2). On September 20, 2024, Wadsworth provided the Non-Answering Defendants with additional notice of this action pursuant to CPLR § 3215(g). To date, the Non-Answering Defendants have failed to appear in this action, answer or otherwise move against the complaint, and their time to do so has expired.

Wadsworth also provided proof of the facts underlying its claim via the submission of the affidavit of its Board President (NYSCEF Doc. No. 30). Nevertheless, defendants the Non-

**157069/2024   143-45 WADSWORTH AVENUE HOUSING DEVELOPMENT FUND CORPORATION**          **Page 2 of 5**
**vs. OSCAR, BERNARDO ET AL**
**Motion No.  001**

2 of 5

Answering Defendants have failed to appear in this action and are, therefore, in default. Accordingly, a default judgment is granted as against Jaceline De Oscar, Wagner Oscar, Jacelys Oscar, Luis Angel Oscar, and Amaya Rodriguez.

*II. Summary Judgment*

A party may move for summary judgment after issue has been joined (CPLR 3212[a]). Issued is joined as to Mr. Oscar (*pro-se*), who served Wadsworth with an answer, in which he asserts that he and the other defendants have been in possession of the unit for eleven years and, as such, were entitled to 90 days' notice (NYSCEF Doc. No. 38).

On a motion for summary judgment, the burden rests with the moving party to make a prima facie showing they are entitled to judgment as a matter of law and demonstrate the absence of any material issues of fact (*Friends of Thayer Lake, LLC v Brown*, 27 NY3d 1039 [2016]). Once met, the burden shifts to the opposing party to submit admissible evidence to create a question of fact requiring trial (*Kershaw v Hospital for Special Surgery*, 114 AD3d 75 [1st Dept 2013]). "When a plaintiff moves for summary judgment, it is proper for the court to … deny summary judgment if facts are alleged in opposition to the motion which, if true, constitute a meritorious defense" (*Nassau Trust Co. v Montrose Concrete Products Corp.,* 56 NY2d 175 [1982]). However, a "feigned issue of fact" will not defeat summary judgment (*Red Zone LLC v Cadwalader, Wickersham & Taft LLP*, 27 NY3d 1048 [2016]). A failure to make a prima facie showing requires the Court to deny the motion, regardless of the sufficiency of opposing papers (*Alverez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *see also JMD Holding Corp. v Congress Financial Corp.*, 4 NY3d 373 [2005]).

A plaintiff in an action to recover possession of real property "may recover damages for withholding the property, including the rents and profits or the value of the use and occupation of the property for a term not exceeding six years" (RPAPL § 601; *see generally Marini v Lombardo*, 79 AD3d 932, 934 [2d Dept 2010]).

Wadsworth made a prima facie showing that it is entitled to judgment as a matter of law on its complaint as against Mr. Oscar.[2] Mr. Oscar does not dispute that: he was employed as the superintendent in Wadsworth's building; resides, along with the other defendants, in the superintendent's apartment; and his employment as superintendent was terminated. At oral argument, Mr. Oscar did not raise a question of fact requiring trial. To the extent that he sought additional time to retain counsel to further respond to the complaint, more than seven months has passed since he advised the prior jurist that he intended to find an attorney to represent him; yet no attorney has filed a notice of appearance on his behalf.

Although not cited by the parties, a landlord-tenant relationship is not created by a superintendent's employment (*GENC Realty, LLC v Nezaj*, 52 AD3d 415 [1st Dept 2008] [rent-stabilized tenant who accepted position as superintendent and moved into superintendent's

---

[2] Under the specific facts of this dispute, it is unclear whether the Housing Part of Civil Court can afford complete relief, and given that an action for possession may be maintained where relief in the Housing Part is unavailable, this Court retains jurisdiction over this matter, rather than transferring it to the Housing Part (*see generally 81 Bowery Realty Corp. v Qui Hui Chen*, 20 Misc.3d 1103(A) [Sup. Ct. NY County 2008] [Stallman, J.]).

**157069/2024   143-45 WADSWORTH AVENUE HOUSING DEVELOPMENT FUND CORPORATION**          **Page 3 of 5**
**vs. OSCAR, BERNARDO ET AL**
**Motion No.  001**

3 of 5

[* 3]

apartment exchanged status as a tenant for that of an employee]). Accordingly, Mr. Oscar's contention that he is a tenant entitled to a 90-day notice before eviction, is without merit.

On this record, Wadsworth is entitled to use and occupancy for the period defendants have occupied the apartment after termination of Mr. Oscar's employment (RPAPL § 601). However, the amount of use and occupancy has not been established on this motion. Wadsworth's counsel argued that, as an HDFC established for the benefit of lower income New Yorkers, rent for non-owners/non-shareholders in its building cannot or does not exceed $1,300 per month. Notwithstanding, Wadsworth relies on a program called "CITYFEPS" for its contention that it is entitled to use and occupancy of $3,700 per month:

> So there's a program, your Honor. Called CITYFEPS. CITYFEPS provides $3700 where the landlord pays the gas and electricity. In this instance, the landlord is paying the gas and the electricity. CITYFEPS provides $3700. My client can find someone to pay $3700 and the City will pay for it, and so that's where that number comes from.

(November 14, 2024 Tr. at 6-7; NYSCEF Doc. No. 45).

Competent proof supporting use and occupancy at $3,700 per month is not contained in the record. There is no proof in the record that a CITYFEPS tenant has been identified for the superintendent's unit; indeed, Wadsworth seeks to recover possession of the superintendent's apartment for the use of its new superintendent, not as a rental.

The Court is inclined to grant use and occupancy in the amount of monthly rent paid by non-shareholders for other three-bedroom units in the building. However, Wadsworth's affidavit does not include this amount, instead only providing the amount of maintenance paid by shareholders. While Wadsworth argues that monthly rent is capped at $1,300 for non-shareholder, the Court cannot award use and occupancy based upon an attorney affidavit without firsthand knowledge. Accordingly, an inquest as to the amount of appropriate use and occupancy is scheduled for September 18, 2025.

Accordingly, it is

**ORDERED** that Wadsworth's motion for a default judgment is granted, on the merits and without opposition, as against defendants Jaceline De Oscar, Wagner Oscar, Jacelys Oscar, Luis Angel Oscar, and Amaya Rodriguez, and the issue of use and occupancy Wadsworth is entitled to recover from said Non-Answering Defendants shall be determined at a damages inquest; and it is further

**ORDERED** that Wadsworth's motion for summary judgment as against Bernardo Oscar is granted, and the issue of use and occupancy Wadsworth is entitled to recover from Bernardo Oscar shall be determined at a damages hearing; and it is further

**157069/2024   143-45 WADSWORTH AVENUE HOUSING DEVELOPMENT FUND CORPORATION**        **Page 4 of 5**
**vs. OSCAR, BERNARDO ET AL**
**Motion No.  001**

[* 4]

4 of 5

**ORDERED** that defendants are permanently enjoined from using or storing gas containers in the subject apartment; and it is further

**ORDERED, DECLARED, and ADJUDGED** that Wadsworth shall have possession of the superintendent's apartment in the basement of the building located at 143-45 Wadsworth Avenue in the County, City, and State of New York; and it is further

**ORDERED** that the Sheriff of the City of New York, County of New York, is directed to eject and remove defendants Bernardo Oscar, Jaceline De Oscar, Wagner Oscar, Jacelys Oscar, Luis Angel Oscar, Amaya Rodriguez, John Doe, and Jane Doe from possession of the basement apartment located at 145 Wadsworth Avenue, New York, NY 10033, and deliver possession of the said premises to plaintiff 143-45 Wadsworth Avenue Housing Development Fund Corporation, or any agent of said plaintiff; and is further

**ORDERED** that a hearing and inquest on the amount of use and occupancy due Wadsworth for defendants' possession of the apartment after July 20, 2024, shall be held on **September 18, 2025 at 10:00am**.

| | |
|---|---|
| **6/30/2025** | KATHLEEN WATERMAN-MARSHALL, |
| **DATE** | **J.S.C.** |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

157069/2024   143-45 WADSWORTH AVENUE HOUSING DEVELOPMENT FUND CORPORATION          Page 5 of 5
vs. OSCAR, BERNARDO ET AL
Motion No.  001

5 of 5